UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

D-19 KEITHON PORTER

        Defendant.
_____/

Case No. 15-20652-19

HON. GEORGE CARAM STEEH

## **ORDER DENYING MOTION TO DISMISS INDICTMENT [DOC. 898]**

      This matter is before the court on defendant Keithon Porter's motion to dismiss the indictment pursuant to Fed. R. Crim. Proc. 12(b)(1) and (3)(B). Defendant is charged with fourteen counts in the Sixth Superseding Indictment, along with a notice of enhanced sentencing for the assault with intent to murder Ralphael Carter, murder of Dvante Roberts, assaults with the intent to commit murder of Marquis Wicker, Jesse Ritchie, and Darrio Roberts, and conspiracy to assault rival gang members with intent to commit murder. Defendant argues the indictment fails to meet the pleading requirement for a RICO charge by not alleging sufficient facts connecting him to the alleged enterprise. In addition, defendant argues there is no

evidence supporting the allegations that he participated in or was present on the dates of the murders that took place on May 1 and May 8, 2015. The motion has been briefed and the court does not believe it will be assisted by oral argument.

An indictment satisfies constitutional requirements "if it, first, contains the element of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); Fed. R. Civ. P. 7(c). "When assessing the sufficiency of the charge, the examination focuses on the indictment itself, and not on the underlying evidence of the crime." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001).

Count One of the indictment alleges the elements of RICO conspiracy, fairly informing defendant of "the charge against which he must defend" by setting forth an extensive enterprise including overt acts that set forth numerous details about how the Seven Mile Bloods constitute an enterprise and the types and varieties of racketeering acts the defendant is alleged to have committed. Defendant's arguments for dismissal focus on the government's lack of evidence, which is not the relevant inquiry in assessing the adequacy of the indictment under Fed. R. Crim. P. 7(c).

For example, the defendant argues the indictment is insufficient in alleging the existence of an enterprise and defendant's connection to the alleged enterprise where the only link is that Porter was at a home where the Detroit Police conducted a raid and there were SMBs present.  Defendant repeatedly points out the lack of evidence provided in the indictment.  See, i.e, Doc. 898; Pg ID 6856-57 ("As previously discussed throughout this brief, there is no evidence that Defendant Porter was a SMB, nor is there any evidence that he participated in any of the SMB criminal activity. There is no evidence that Defendant Porter had any involvement with the murders that occurred in the City of Detroit on May 1 and May 8, 2015. There were no eye witnesses that can place Defendant Porter at the scene of the murders or even had aided or assisted any other person with the murders.")  This all goes to the sufficiency of evidence to convict and is not the standard for assessing indictments under Rule 7(c).

Defendant's motion focuses solely on Count One of the indictment and does not address any insufficiency in the other counts.  The court finds that defendant's notice objection to the indictment has been adequately addressed by the government.  The court is also generally satisfied that the government has fairly informed the defendant of the charges against him.

IT IS ORDERED that defendant's motion to dismiss the indictment is DENIED.

So ordered.

Dated: April 5, 2018

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 5, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk