UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   HON. GEORGE CARAM STEEH
                            CASE NO. 15-20562

    Plaintiff,

Vs.

KEITHON PORTER,

    Defendant.
_____/

**CONSOLIDATED MOTION FOR NEW TRIAL AND JUDGMENT OF ACQUITTAL
AND COMBINED BRIEF IN SUPPORT**

**The legal standards for granting a motion for judgment of acquittal and a motion for new trial in criminal case.**

The Defendant files this joint, consolidated motion for new trial, under Fed. R. Crim P. 33, and motion for judgment of acquittal, under Fed. R. Crim. P. 29.  Fed. R. Crim. P. 29(a) establishes the grounds for granting a motion for judgment of acquittal:

After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.

Defendant moved for judgment of acquittal on all counts, both at the conclusion of the prosecutor's case.  Rule 29(c) specifically provides that the defendant can renew their motion for judgment of acquittal after the jury's verdict:

(c) After Jury Verdict or Discharge.

> (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.
> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal.
> (3) No Prior Motion Required. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.

The courts have determined the standard for insufficient evidence to be applied in deciding a Rule 29 motion:

> A motion for a judgment of acquittal must be granted if "there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt." [citations omitted] This standard has been approved by the Supreme Court as "the revealing criterion for judging motions for acquittal in federal criminal trials." Jackson v. Virginia, 443 U.S. 307, 318-19 n. 11, 99 S.Ct. 2781, 2788-89 n. 11, 61 L.Ed.2d 560 (1979). See also United States v Fawaz, 881 F.2d 259, 261 (6th Cir. 1989).

For sufficiency of evidence, the trial court "must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v Lee, 359 F.3d 412, 418 (6th Cir. 2004)(quoting from Jackson v. Virginia, 443 US at 319).

Federal R. Crim. P. 33 states the grounds for granting a motion for new trial:

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment.

The "interest of justice" standard has been interpreted by the courts:

> {I}t is widely agreed that Rule 33's "interest of justice" standard allows the grant of a new trial where substantial legal error has occurred. See United States v Wall, 389 F.3d 457, 474 (5th Cir. 2004) (stating that "any error of sufficient magnitude to require reversal on appeal is an adequate ground for granting a new trial" (quoting 3 Charles

2

Alan Wright, Federal Practice & Procedure Section 556 (3d ed. 2004); Kuzniar, 881 F.2d [466] at470 [7th Cir. 1989] (stating that Rule 33 relief is available where "the substantial rights of the defendant have been jeopardized by errors or omissions during trial"); United States v DeMiranda, No. 2008-20, 2008 WL 5412848, at *3 (D. Vi. Dec. 29, 2008) (stating that Rule 33 relief is available where defendant "show[s]…reversible error at his trial"). United States v Munoz, 605 F.3d 359, 373 (6th Cir. 2010)

A decision on a motion for judgment of acquittal after the verdict, and a motion for new trial, are interrelated. Fed. R. Crim. P. 29(d) provides in relevant part:

(d) Conditional Ruling on a Motion for New Trial.

(1) Motion for a New Trial. If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. The court must specify the reason for that determination.

(2) Finality. The court's order conditionally granting a motion for a new trial does not affect the finality of the judgment of acquittal.

The interrelationship of the two motions is best described by the panel in United States v Ashworth, 836 F.2d 260, 266 (6th Cir. 1988):

A Motion for Acquittal and a Motion for New Trial based on the ground that the verdict Is against the great weight of evidence are governed by very different standards. The Motion for New Trial involves a much broader standard of review than a Motion for Acquittal. A verdict may well be against the great weight of the evidence, but nonetheless, be substantial enough to permit reasonable jurors to draw an inference of guilt. In a Motion for New Trial, the trial judge can consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice. It has often been said that he/she sits as a thirteenth juror.

See also, United States v Munoz, id.

**GROUNDS FOR GRANTING THE MOTION FOR JUDGMENT OF ACQUITTAL**

Defendant Porter was convicted in Count One Rico Conspiracy. There was no evidence presented by the Government that would indicate Defendant Porter was a Seven Mile Blood (SMB) or even an associate of the gang. Three cooperating government witnesses testified in

the trial, Anthony Lovejoy, Matilah Scott, and Derrick Kennedy. Anthony Lovejoy and Matilah Scott did not even know Defendant Porter and did not identify him as being a SMB member or associate. Derrick Kennedy testified that Defendant Porter was not a SMB. He would just come by and hang out and smoke weed. There were no facebook, Instagram, or videos that would suggest Defendant Porter was a SMB gang member or associate. He was not seen in any video presented by the Government or in pictures with wearing the red colors of SMB members or associates. There was only one picture of Defendant Porter in a video at a birthday party for one of the SMBs but that alone, did not mean he was a SMB or associate.

The existence of the racketeering enterprise is a required element of the RICO conspiracy offense charged in Count One.

> RICO makes it "unlawful for a person employed by or associated with any racketeering enterprise engaged in, or the activities of which affect, interstate of foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such racketeering enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. "18 U.S.C. §1962(c).[1]

An association - in - fact racketeering enterprise, as alleged in the present indictment must be "a continuing unit that functions with a common purpose. *United States v. Turkette*, 452 U.S. 576 (1981). According to *Boyle*, it must have at least three structural features: "a purpose, relationships among those associated with the racketeering enterprise, and longevity sufficient to permit these associates to pursue the racketeering enterprises' purpose." 556 U.S. at 946. It is also required that there must be evidence that the alleged structure exists as a separate element. *Id* at 947. In *Boyle*, the Court made clear that its holding in *Turkette,* 452 U.S., at 583, that "the existence of a racketeering enterprise is an element distinct from the pattern

of racketeering activity and 'proof of one does not necessarily establish the other,'" is still the law. 556 U.S. 947. More recently, in *Ouwinga v. Benistar 419 Plan Services, Inc.* 694 F.3d 783, 794 (6th Cir. 2012) the Court explained that an association - in- fact racketeering enterprise "require[s] a certain amount of organizational structure which eliminates simple conspiracies from the Act's reach. *VanDenBroeck v. CommonPoint Mortg. Co.,* 210 F.3d 696. 699 (6th Cir. 2000)." The evidence was insufficient to meet these standards.

First, not one person testified in this trial that Defendant Porter was a Seven Mile Blood nor did they testify that he was an associate of the group. There has been no evidence presented that Defendant Porter was even friends or had a personal relationship with any specific person affiliated with the Seven Mile Bloods. Therefore, there is no evidence to suggest that Defendant Porter was conspiring with any individual during the time of this conspiracy.

Second, while the indictment alleges the racketeering enterprise had three purposes: promoting, protecting and enhancing the authority and reputation of the Seven Mile Bloods, (2) maintaining control over territory through acts of intimidation, and (3) enriching its members, the evidence established no activity by the "Seven Mile Bloods."

The witnesses consistently described drug sellers as independent contractors. According to witnesses who identified themselves as "Seven Mile Bloods" or "55"," their affiliation was for the purpose of defining a geographic area and protecting each other. None of the Government witnesses testified that the racketeering entity, by whatever name, had any economic function.

Third, Defendant was not seen in any facebook, instagram, rap videos, or pictures that

were presented to the jury throughout the trial. The only picture of Defendant Porter shown by the government was at a birthday party where he was seen holding a cup and rapping. Defendant Porter had no relationship with any of the individuals going down to West Virginia to sell pills nor was there any evidence presented that connects him to anyone on this Indictment.

It is also required that alleged racketeering acts must be related to the illegal purpose of the racketeering enterprise. *United States v. Corrado*, 227 F.3d 543, 554 (6th Cir. 2000); *Sedima S.P.R.L. v. Imrex* 473 U.S. 479, 496 (1985). That is, the defendant must be enabled to commit the racketeering acts solely by virtue of his relationship to the racketeering enterprise or because the offense was related to the activities of the racketeering enterprise. *United States v. Lawson,* 535 F.3d 434 (6th Cir. 2008). Courts have interpreted these requirements to mean that a defendant must use "a racketeering enterprise to engage in a pattern of racketeering activity." *Jay E. Hayden Foundation v. First Neighbor Bank, N.A.* 610 f.3d 382, 388-389 (7th Cir. 2010) (*cited at*: *United States v. Norwood*, 2013 WL 5965328, p. 6).

The evidence was clear throughout the entire trial that Defendant Porter was never acting on the behalf of the enterprise. There was no evidence presented by any of the Government witnesses that Defendant Porter was selling drugs for the SMB nor was he ever seen, observed, or arrested in West Virginia, where some of the SMB opened shop by selling pills and other controlled substances.

Lastly, another issue for a new trial and acquittal was due to the issue the jurors raised in the jury room. When one of the jurors texted a United States Marshal while deliberating and complaining that some jurors believed there was a conspiracy taking place among some of the

them, a hearing was mandatory.  In Remmer v United States, 347 US 227 (1954), the Supreme Court held that "any [unapproved] private communication, contact, or tampering… with a juror during a [criminal] trial …[is] presumptively prejudicial".

After inquiring into the jurors' issue, the Court had the U.S. Marshal to prepare a report.  However, we didn't know how many other jurors could've been affected by the one juror's outlook regarding the conspiracy among the jurors, and without a hearing, we don't know if this issue tarnished the other jurors from being fair and impartial.  Especially, when the jurors sent out a note that they were hung as to four of five Defendants.  The attorneys were also informed by the Court that while the jurors were deliberating, they were heard yelling and arguing with each other.  Subsequently, after notifying the U.S. Marshal by text message, the jurors compromised and returned with a verdict.  A Remmer hearing should definitely been conducted and by failing to do so, was a violation of Defendant Porter's Sixth Amendment right to a fair trial.

Wherefore, Defendant Porter respectfully requests that this Honorable Court to grant him a new trial or acquittal and enter a Judgment of Acquittal on all counts of the Indictment.

Respectfully submitted,

s/Steven Scharg
STEVEN SCHARG
Attorney for Defendant Porter
615 Griswold, Suite 1125
Detroit, Michigan 48226
(313) 962-4090
Mi Bar No. P43732
Scharg1924@gmail.com

Dated:  September 7, 2018

7

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of this Motion for New Trial on Assistant U.S. Attorney, Mark Bilkovic, by ECF at Mark.Bilkovic@usdoj.gov

        s/Steven Scharg
        STEVEN SCHARG
        Attorney for Defendant Porter
        615 Griswold, Suite 1125
        Detroit, Michigan 48226
        (313) 962-4090
        Mi Bar No. P43732
        Scharg1924@gmail.com