UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                            Case No.  15-20652
vs.                            HON.  GEORGE CARAM STEEH

KEITHON PORTER (D-19),

        Defendant.

_____/

OPINION AND ORDER DENYING DEFENDANT'S MOTION
FOR NEW TRIAL AND JUDGMENT OF ACQUITTAL [ECF NO. 1189]

From June 5 to August 27, 2018, defendant Keithon Porter was tried by a jury in this court along with co-defendants Eugene Fisher, Corey Bailey, Robert Brown and Arlandis Shy.  On August 27, 2018, the jury convicted Porter of RICO conspiracy, possession of a firearm during the RICO conspiracy, and several counts of attempted murder in aid of racketeering along with corresponding firearm charges.  On September 7, 2018, Porter filed a consolidated motion for new trial pursuant to Federal Rule of Criminal Procedure 33 and judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, challenging the sufficiency of the evidence and the court's failure to hold a *Remmer* hearing.  For the reasons stated below, defendant's motion is DENIED.

The court incorporates its opinion and order denying defendants' motions for judgment of acquittal (ECF No. 1163), which was based on the evidence at the close of the government's case.

## I. Legal Standard

### A. Rule 29 Motion for Judgment of Acquittal

"In reviewing a claim of insufficient evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Salgado*, 250 F.3d 4338, 446 (6th Cir. 2001) (emphasis in original) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). The Government "must present substantial evidence as to each element of the offense." *Brown v. Davis*, 752 F.2d 1142, 1145 (6th Cir. 1985) (internal citations omitted). "Substantial evidence is more than a scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion. It is evidence affording a substantial basis of fact from which the fact in issue can be reasonably inferred." *United States v. Martin*, 375 F.2d 956, 957 (6th Cir. 1967). "The government may meet its burden through circumstantial evidence alone, and such evidence need not exclude every possible hypothesis except that of guilt." *Salgado*, 250 F.3d at 446 (citing

*United States v. Jackson,* 55 F.3d 1219, 1225 (6th Cir. 1995)). The court

must "draw all available inferences and resolve all issues of credibility in

favor of the jury's verdict." *United States v. Maliszewski,* 161 F.3d 992,

1006 (6th Cir.1998).

## B. Rule 33 Motion for New Trial

A court may vacate any judgment and grant a new trial "if the interest

of justice so requires." Court have granted a new trial where "(i) the jury

verdict was against the manifest weight of the evidence or (ii) substantial

legal errors or omissions occurred." *United States v. Munoz*, 605 F.3d 359,

373-74 (6th Cir. 2010). The standard of review is broader under Rule 33

than it is for a motion for acquittal under Rule 29. That is, a verdict may be

against the great weight of the evidence to support a new trial, but still be

substantial enough to permit reasonable jurors to draw an inference of guilt.

*United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) (citing *United

States v. Turner*, 490 F.Supp. 583, 593 (E.D. Mich. 1979)).

## II. Discussion

Defendant Porter argues that there was insufficient evidence to

establish that he was guilty of Count One, RICO conspiracy. Specifically,

Porter challenges four of the five elements of RICO conspiracy: (1) that

SMB existed as an enterprise, (2) that Porter was a member or associate of

SMB, (3) that Porter agreed to conduct or participate directly or indirectly in SMB's affairs, and (4) that Porter agreed with another conspirator that he or another person would engage in a pattern of racketeering.

At the conclusion of the government's case-in-chief, the court found that the government presented substantial evidence at trial to support a finding that SMB was a racketeering enterprise for purposes of RICO conspiracy. (ECF No. 1163, pp. 3-10) To the extent Porter continues to challenge the jury's verdict on this basis, the court stands by its previous order. Likewise, there was substantial evidence from which a reasonable fact finder could conclude that Porter associated with SMB, agreed to conduct SMB's affairs, and engaged in a pattern of racketeering activity on behalf of SMB. These elements were similarly addressed by the court in its previous order. (ECF No. 1163, pp. 12-15, 19-20) While Porter focuses on particular evidence that supports his defense, after viewing the evidence in the light most favorable to the government, the court finds that substantial evidence was presented on each element of RICO conspiracy to support the jury's guilty verdict.

Porter next argues that the court should have conducted a *Remmer* hearing due to a perceived issue of jury influence. Porter argues that the court's decision not to hold such a hearing was error under Rule 33,

providing grounds for granting a new trial. As the court held in its previous order on this subject, there was no evidence of any outside influence on the jury, let along an outside influence which had a reasonable potential for tainting the jury. Therefore, the court concluded that an evidentiary hearing like that described in *Remmer v. United States*, 347 U.S. 227 (1954) was not warranted. (Order Denying Defendants' Motion for a Remmer Hearing, 9/6/2018, ECF No. 1188) The court stands by its decision.

The verdict finding Porter guilty of RICO conspiracy was not against the manifest weight of the evidence, nor was there any legal error in the court's determination not to hold a *Remmer* hearing, to support the granting of a new trial.

### III. Conclusion

For the reasons stated above, defendant Porter's motion for judgment of acquittal and/or for new trial is DENIED.

IT IS SO ORDERED.

Dated: December 20, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 20, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk