UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 15-cr-20652
Honorable Linda V. Parker

KEITHON PORTER, D-19,

Defendant.
_________________________________/

**OPINION AND ORDER (1) DENYING DEFENDANT'S MOTION TO VACATE CONVICTION AND TO DISMISS ALL CHARGES (ECF NO. 2168) AND (2) PROVIDING NOTICE OF COURT'S INTENT TO SUMMARILY DISMISS DEFENDANT'S MOTION FOR LEAVE TO FILE A "SECOND IN TIME" MOTION PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 2169) AS TIME BARRED**

Defendant Keithon Porter, along with twenty other members and associates of the Seven Miles Bloods gang, were tried and convicted of multiple counts following a jury trial before the Honorable George Caram Steeh in 2018. Porter, specifically, was convicted on seven counts: (1) one count of RICO conspiracy in violation of 18 U.S.C. § 1962(d); (2) one count of murder in aid of racketeering in violation of 18 U.S.C. § 1959; (3) one count of using and carrying a firearm in relation to that murder in violation of 18 U.S.C. § 924(c) and (j); (4) three counts of attempted murder in aid of racketeering in violation of 18 U.S.C. § 1959; and (5) one count of using and carrying a firearm in relation to the attempted murder in

aid of racketeering charges in violation of 18 U.S.C. § 924(c). (*See* ECF No. 1172.) On March 3, 2020, Judge Steeh sentenced Porter to the following terms of incarceration: two consecutive life sentences, a 10 year concurrent sentence, and a 10 year consecutive sentence. (ECF No. 1610.) The Sixth Circuit affirmed Porter's conviction on July 5, 2022. (ECF No. 1793.)

On November 26, 2024, Porter filed a motion requesting an extension of time to file a post-conviction motion pursuant to 28 U.S.C. § 2255. (ECF No. 2144.) Judge Steeh denied the motion, concluding that the one-year deadline for Porter to file his § 2255 motion was October 3, 2023. Judge Steeh further noted that because Porter did not present the Court with the actual motion he intended to file, he was simply requesting an advisory opinion. (ECF No. 2147.) Porter has now set forth the grounds he seeks to raise under § 2255, in a "Motion for Leave to File a Second-in-Time 28 U.S.C. § 2255 [Motion]." (ECF No. 2169.) Porter also filed a "Motion to Vacate Conviction and to Dismiss All Charges," in which he argues that financial incentives led to the tribunal being impartial. (ECF No. 2168.) The matter has been reassigned to the undersigned pursuant to Eastern District of Michigan Local Criminal Rule 57.10.

Porter's Motion to Vacate Conviction and to Dismiss All Charges is frivolous and is, therefore, denied. Moreover, the arguments asserted in the motion are more properly included in a § 2255 motion. As to his § 2255 motion, because

Porter never filed a previous post-conviction motion, the Court does not construe the current motion as one to file a second or successive post-conviction motion, which would have to be authorized by the Sixth Circuit Court of Appeals. *See* 28 U.S.C. §§ 2244, 2255(h). However, the motion is clearly time-barred.

Promplty after the filing of a § 2255 motion, the court must undertake a preliminary review to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . .." Rule 4, Rules Governing § 2255 Proceedings. If so, the court must summarily dismiss the motion. *Id*. Pursuant to the rule, "a court should dismiss a federal habeas petition when it raises 'legally frivolous claims' or 'factual allegations that are palpably incredible or false.'" *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021) (quoting *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999)).

A district court may sua sponte dismiss a § 2255 motion as time-barred. *See Shelton v. United States*, 800 F.3d 292, 293-94 (6th Cir. 2015) (concluding that the holding in *Day v. McDonough*, 547 U.S. 198 (2006), that a district court may sua sponte consider the timeliness of a habeas petition under 28 U.S.C. § 2254, applies to § 2255 motions, as well). The *Shelton* court made clear, however, that *Day*'s requirement that the court first "accord the parties fair notice and an opportunity to present their positions" also applies. *Id*. at 294. After undertaking the review

required by Rule 4, the Court concludes that Porter's § 2255 motion is barred by the one-year statute of limitations. Nevertheless, in accordance with *Shelton*, the Court is providing the parties with the requisite notice and opportunity to be heard as to why the motion should not be denied as untimely.

A one-year period of limitation applies to motions filed pursuant to § 2255. *See* 28 U.S.C. § 2255(f). That period runs from "the latest" of a number of events enumerated in the statute. *See id.*. A review of the grounds raised in Porter's motion reflects that only one event is involved here: "the date on which the judgment of conviction becomes final[.]"[1] *Id.* § 2255(f)(1).

A judgment of conviction generally becomes final upon conclusion of direct review. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (citing *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002)). In the context of seeking postconviction relief, "[f]inality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Here, the Sixth Circuit affirmed Porter's convictions and sentence on July 5, 2022. He did not petition the Supreme Court for a writ of certiorari, and so the limitations period began to run

[1] Porter does not claim an impediment to making the motion, it is not based on a newly-recognized right made retroactively applicable to cases on collateral review, nor is it premised on newly-discovered facts. *See* 28 U.S.C. § 2255(f)(2)-(4).

on October 3, 2022 and expired one year later. His current motion comes several years late.

Accordingly,

**IT IS ORDERED** that Porter's Motion to Vacate Conviction and to Dismiss All Charges (ECF No. 2168) is **DENIED**.

**IT IS FURTHER ORDERED** that Porter shall show cause in writing within twenty-one (21) days as to why his request to file a § 2255 motion should not be denied because his § 2255 motion is time barred.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 31, 2026